UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO GARCIA,<br><br>        Plaintiff,<br><br>    v.<br><br>KASHMIR S. DHUGGA, et al.,<br><br>        Defendants. | Case No.  21-cv-07542-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 29, 35, 38 |

The motion to dismiss is granted. The case is dismissed without prejudice.

On September 28, 2021, Garcia filed a complaint against the defendants for injunctive relief under the ADA and damages under California's Unruh Act. On June 22, 2022, the Court declined to exercise supplemental jurisdiction over the Unruh Act claim. The Court then allowed the defendants to conduct three months of jurisdictional discovery. On July 12, 2022, Garcia moved to dismiss his ADA claim so that he could litigate both claims in a single forum.[1]

When a plaintiff requests dismissal under Rule 41(a)(2), "the Court must make three separate determinations: (1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed." *Williams v. Peralta Community College District*, 227 F.R.D. 538, 539 (N.D. Cal. 2005).

Here, the defendants have not shown they will suffer legal prejudice if the case is dismissed, so dismissal is appropriate. *See Smith v. Lenches*, 263 F.3d 972, 975–76 (9th Cir. 2001). Given the relatively early stage in the proceedings, the defendants' minimal expense and

---

[1] On August 11, 2022, Garcia filed a notice of mootness. Garcia concedes that the defendants have not remediated all the barriers identified in his complaint, and so the case is not moot.

effort in preparing for trial, and Garcia's explanation for dismissal, dismissal is without prejudice. *Williams*, 227 F.R.D. at 540.

The defendants request that dismissal be contingent on Garcia's payment of their fees and costs. *Id.* In deciding whether to award fees and costs after granting dismissal without prejudice, courts look to: "(1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the litigation has progressed; and (4) the plaintiff's diligence in moving to dismiss." *Id.* (quoting 8–41 Moore's Fed. Prac.-Civ. § 41.40[10][d][I]). Even where an award is appropriate, defendants may not be entitled to fees and costs incurred after a plaintiff requests voluntary dismissal. *See, e.g., Westlands Water District v. United States*, 100 F.3d 94, 98 (9th Cir. 1996) (noting that, where the defendants filed a motion for summary judgment after the plaintiffs requested dismissal, the defendants "clearly took a large risk that [their] work would be disregarded," and so an award of fees and costs might not be warranted) (quoting *Conafay v. Wyeth Laboratories*, 841 F.2d 417, 420 (D.C. Cir. 1988)). Here, the possibility of "a second litigation" only exists because the Court declined to exercise supplemental jurisdiction over the Unruh Act claim. And, as noted, this litigation is in its early stages and Garcia diligently moved to dismiss. Finally, the defendants appear to have incurred the bulk of their fees and costs after Garcia requested dismissal. Given these circumstances, Garcia should not be required to pay the defendants' fees and costs.

The defendants also ask for fees and costs as a condition of dismissal based on apparent litigation misconduct by Garcia and his lawyers. Perhaps the alleged misconduct would be the proper subject of a separate sanctions motion, and the defendants are free to file one. But the alleged misconduct does not seem like a reason to condition dismissal on payment of fees and costs. If the defendants choose to file a motion for sanctions, they must do so within 14 days of this order. If the defendants would like to conduct discovery in support of their sanctions motion, they should request permission to do so in their motion and cite case law in support of that request. The Court will also decide whether an evidentiary hearing is necessary at that time.

In light of the dismissal, the motion to stay discovery is terminated as moot.

**IT IS SO ORDERED.**

Dated: September 13, 2022

VINCE CHHABRIA
United States District Judge