UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO GARCIA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KASHMIR S. DHUGGA, et al.,<br><br>　　　　　Defendants. | Case No. 21-cv-07542-VC<br><br>**ORDER DENYING MOTION FOR SANCTIONS AND REQUEST FOR DISCOVERY AND EVIDENTIARY HEARING**<br><br>Re: Dkt. No. 48 |

　　　　The motion for sanctions and request for discovery are denied. While some of the conduct the defendants point to is questionable, the defendants have failed to articulate a clear basis for sanctions or for discovery in service of sanctions.[1]

　　　　At the hearing, the Court tried to pin down the precise conduct the defendants object to and the precise discovery they seek. But the discussion provided little clarity. It remained unclear, for example, whether the defendants wished to conduct discovery into whether Garcia ever patronized their business, as alleged in the complaint. Counsel's responses on that point were equivocal and noncommittal.

　　　　Counsel also failed to make clear how discovery would be useful as to Garcia's refusal to attend an in-person deposition due to concerns about COVID-19. Counsel points to the numerous complaints Garcia has filed alleging in-person encounters at businesses in the Bay Area, arguing that they cast doubt on the sincerity of Garcia's reservations regarding in-person interactions. But discovery is not necessary to ascertain this apparent inconsistency. The complaints speak for

---

[1] This order assumes the reader's familiarity with the facts of the case and the parties' arguments.

themselves. In any event, the inconsistency is not so great as to support a finding of bad faith. While the defendants raise concerns about suspected coaching or tampering during a virtual deposition in another case, the defendants have not made a strong enough showing for the Court to conclude that Garcia resisted the in-person deposition for this purpose, nor have they adequately identified what they might seek in discovery to pursue this allegation. Moreover, the defendants could have addressed this concern by seeking an order compelling an in-person deposition (disobedience of which would have constituted sanctionable conduct), but they did not do so.

The defendants also argue that Garcia's counsel tampered with Robles's scheduled deposition, falsely claiming that "discovery is still not open" despite this Court's jurisdictional discovery order. But the defendants offer no cogent explanation as to what discovery, or even an evidentiary hearing, would be good for. The Court already knows that jurisdictional discovery was open (to an extent) at that time. And while this is the closest the defendants come to articulating a sound basis for sanctions, they ultimately come up short because jurisdictional discovery was limited to "whether Garcia had an intent to return" to the defendants' business. Dkt. No. 27. Garcia's counsel might have believed—as he now argues—that discovery was not open as to anything Robles might be competent to testify about. Under these circumstances, a finding of bad faith is a bridge too far.

**IT IS SO ORDERED.**

Dated: December 13, 2022

_____
VINCE CHHABRIA
United States District Judge